

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 12, 1968

Hon. Charles R. Barden         Opinion No. M-193
Executive Secretary
Texas Air Control Board        Re: Construction of the 1967
1100 West 49th St.                  Amendment to Section 33
Austin, Texas  78756               of Article XVI of the
                                    Constitution of Texas.

Dear Mr. Barden:

        Your request for an opinion on the above subject
matter asks the following questions:

        "(1)  May the accounting officers of this
    State draw or pay a warrant upon the State
    Treasury in favor of an appointed member of
    the Texas Air Control Board for per diem and
    travel and other necessary expenses while in
    the performance of official duty for the Texas
    Air Control Board, if at the same time the
    member is serving on the planning and advisory
    group of the National Center for Air Pollu-
    tion Control, as explained above, for which
    service he receives from the Federal govern-
    ment a consulting fee and payment of travel
    and other necessary expenses incurred in
    his work with the NCAPC planning and advis-
    ory group?

        ". . .

        "(5)  May the accounting officers of
    this State draw or pay a warrant upon the
    State Treasury in favor of an appointed
    member of the Texas Air Control Board for
    per diem and travel and other necessary
    expenses while in the performance of of-
    ficial duty for the Texas Air Control
    Board, if at the same time the member
    is serving on the faculty of a State-
    supported university in a program which
    is devoted in part to the scientific
    and engineering aspects of various en-
    vironmental health problems, including

-919-

air pollution, as explained above, for
which service he receives from the uni-
versity a salary, per diem, or other
remuneration for his time, and payment
of travel and other necessary expenses
incurred in his work for the university?

". . ."

Prior to the 1967 amendment, Section 33 of Ar-
ticle XVI of the Constitution of Texas provided in part:

"The Accounting Officers of this State
shall neither draw nor pay a warrant upon
the Treasury in favor of any person for
salary or compensation as agent, officer
or appointee, who holds at the same time
any other office or position of honor,
trust, or profit, under this State, or
the United States except as prescribed
in this Constitution."

The 1967 amendment to Section 33 of Article XVI
added the following provision:

"It is further provided, until Sep-
tember 1, 1969, and thereafter only if
authorized by the Legislature by general
law under such restrictions and limita-
tions as the Legislature may prescribe,
that a non-elective State officer or
employee may hold other non-elective
offices or positions of honor, trust or
profit under this State or the United
States, if the other offices or posi-
tions are of benefit to the State of
Texas or are required by State or fed-
eral law, and there is no conflict with
the original office or position for which
he receives salary or compensation. No
member of the Legislature of this State
may hold any other office or position of
profit under this state, or the United
States."

In construing a constitutional amendment the courts
will look to the evils intended to be remedied and the good
to be accomplished. Markowsky v. Newman, 134 Tex. 440,
136 S.W.2d 808 (1940); Hamilton v. Davis, 217 S.W. 431

(Tex.Civ.App. 1920, error ref.). Furthermore, different
sections, amendments or provisions of the Constitution which
relate to the same subject matter should be construed to-
gether and considered in light of each other. Purcell v.
Lindsay, 314 S.W.2d 283 (1958); Collingsworth County v.
Allred, 40 S.W.2d 13 (1931). In Collingsworth County v.
Allred, supra, the court stated in 40 S.W.2d 15:

> "The Constitution must be read as a
> whole, and all amendments thereto must be
> considered as if every part had been adopt-
> ed at the same time and as one instrument,
> and effect must be given to each part of
> each clause, explained and qualified by
> every other part. Gilbert v. Kobbe, 70
> N.Y. 361. Different sections, amendments,
> or provisions of a Constitution which re-
> late to the same subject-matter should
> be construed together and considered in
> the light of each other. Dullam v. Willson,
> 53 Mich. 392, 19 N.W. 112, 51 Am.Rep. 128;
> State v. Astoria, 79 Or. 1, 154 P. 399."

In Markowsky v. Newman, supra, the court stated:

> "Another rule of construction is
> generally, it may be said, that in deter-
> mining the meaning, intent and purpose
> of a constitutional provision the history
> of the times out of which it grew and to
> which it may be rationally supposed to
> have direct relationship, the evils in-
> tended to be remedied and the good to
> be accomplished, are proper subjects
> of inquiry. Travelers Insurance Com-
> pany v. Marshall, 76 S.W.2d 1007."

Therefore, the amendment to Section 33 of Article XVI should
be considered in light of not only the prohibition previous-
ly contained in Section 33, but also the prohibition con-
tained in Sections 12 and 40 of Article XVI relating to
the same subject matter. Section 12 of Article XVI of the
Constitution of Texas provides:

> "No member of Congress, nor person hold-
> ing or exercising any office of profit or trust,
> under the United States, or either of them, or
> under any foreign power, shall be eligible as

a member of the Legislature, or hold or exer-
cise any office of profit or trust under this
State."

Section 40 of Article XVI of the Constitution
of Texas provides in part:

"No person shall hold or exercise, at
the same time, more than one Civil Office of
emolument, . . . ."

Thus, while Sections 12, 33 and 40 prohibit cer-
tain dual office holding in Texas, the 1967 amendment to
Section 33 of Article XVI specifically authorized the hold-
ing of more than one office or position of honor, trust
or profit under this State or the United States. While
the amendment has not been construed by the courts of this
State, we are of the opinion that the rules of construc-
tion quoted above should be applied. Applying the fore-
going, it is noted that the amendment specifically autho-
rizes until September 1, 1969, a non-elective state officer
or employee to hold other non-elective offices or positions
of honor, trust or profit under this State or the United
States if such other offices or positions are of benefit
to the State and there is no conflict with the original
office or position. After September 1, 1969, such non-
elective state officer or employee may hold other offices
or positions only if authorized by the legislature by gen-
eral law under such restrictions and limitations as the
legislature may prescribe.

We find no conflict in the duties of a member
of the Texas Air Control Board and a member of the plan-
ning and advisory group of the National Center for Air Pol-
lution Control as outlined in your letter, nor do we find
any conflict in the duties of the members of the Texas Air
Control Board and those duties of the faculty of a state-
supported university in a program outlined in your request.
Therefore, you are advised that the Comptroller of Public
Accounts may issue warrants upon the State treasury in favor
of an appointed member of the Texas Air Control Board for
per diem and travel and other necessary expenses while in
the performance of official duties for the Texas Air Con-
trol Board even though such member is serving on the plan-
ning and advisory group of the National Center for Air Pol-
lution Control, or is serving as a faculty member in a state-
supported university. Furthermore, neither Sections 12,
33 or 40 prohibit a member of the Texas Air Control Board

from serving either on the planning and advisory group of the National Center for Air Pollution Control or as a member of the faculty of a state-supported university.

We have not quoted your remaining questions as they were predicated upon a negative answer to questions no. 1 and no. 5.

S U M M A R Y

The 1967 amendment to Section 33 of Article XVI of the Constitution of Texas until September 1, 1969, specifically permits a non-elective state officer or employee to hold other non-elective offices or positions of honor, trust or profit under this State or the United States. Neither Sections 12, 33 or 40 of Article XVI now prohibits a member of the Texas Air Control Board from serving on a advisory group of the National Center for Air Pollution Control or as a faculty member of a state-supported university.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman

W. V. Geppert
John Fainter
Marietta Payne
Jack Sparks

STAFF LEGAL ASSISTANT
A. J. CARUBBI, JR.